**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 24 2017

JAMES W. McCORMACK, CLERK
.By:_____
                              DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Florence Louise Sanders                                          Plaintiff

v.                          Case No. _4:17-cv-700-BSM_

Midland Funding LLC
Midland Credit Management, Inc.                        Defendants

This case assigned to District Judge _Miller_
**Complaint**    and to Magistrate Judge _Kearney_

1.    Defendants attempted to collect from Plaintiff Florence Louise
Sanders a charged off credit card debt that she did not owe.

## Jurisdiction

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. §
1367, and 15 U.S.C. § 1692k(d).

3.    This action arises out of Defendants' violations of the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the
Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et
seq.* ("AFDCPA"), in their illegal efforts to collect a consumer debt from
Florence Sanders.

4.    Venue is proper in this District because the acts and transactions
occurred here, Plaintiff resides here, and Defendants transact business here.

5.    Defendants have transacted business within Arkansas by
attempting to collect a debt from Florence Louise Sanders using litigation,
while she was located within and permanently residing in Arkansas.

## Parties

### *Florence Louise Sanders*

6.     Plaintiff Florence Louise Sanders (Florence Sanders) is a natural person who currently and permanently resides in Austin, Lonoke County, Arkansas.

7.     Florence Sanders is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Midland Funding LLC*

8.     Defendant Midland Funding LLC (Midland Funding) is a foreign limited liability company and operating from 2365 Northside Drive, Suite 300, San Diego, California 92108.

#### *Midland Funding is a debt collector*

9.     Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

10.    The term "debt collector" has two prongs:

    a.    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

    b.    any person who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

2

11.    Midland Funding is a "debt collector" because it uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

*Midland Funding is a collection agency*

12.    Midland Funding is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

13.    The term "collection agency" has three prongs:

     a.    any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

     b.    any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

     c.    any person partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

14.    Midland Funding's license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

### *Midland Credit Management, Inc.*

15.    Midland Credit Management, Inc., (Midland Credit Management) is a foreign for profit corporation operating from 2365 Northside Drive, Suite 300, San Diego, California 92108.

### *Midland Credit Management is a debt collector*

16.    Midland Credit Management is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17.    The term "debt collector" has two prongs:

    a.    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

    b.    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

18.    Midland Credit Management uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

19.    Midland Credit Management regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed Midland Funding.

4

*Midland Credit Management is a collection agency*

20. Midland Credit Management is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

21. The term "collection agency" has three prongs:

    a. any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

    b. any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

    c. any person partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

22. Midland Credit Management's license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

## Factual Allegations

23. Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Florence Sanders a financial obligation that was primarily for personal, family or household purposes,

and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and
Ark. Code Ann. § 17-24-502(5)(A).

24.   Florence Sanders resides at 280 Sanders Lane, Austin, Arkansas
72007.

25.   On October 27, 2017, Midland Funding filed a debt collection
lawsuit in the District Court of Lonoke County Arkansas with the caption
*Midland Funding LLC as Successor in Interest to Webbank/Fingerhut Credit v.*
*Florence Saunders, Case No. CV-16-317.*

26.   The debt collection complaint alleged that Florence Saunders'
address was 280 Sanders Lane, Austin, AR 72007.

27.   The summons issued in the debt collection case listed Florence
Saunders' address as 280 Sanders Lane, Austin, AR 72007.

28.   An Affidavit of Emily Persons (the Persons Affidavit), an
employee of Midland Credit Management and an authorized agent of
Midland Funding, was attached to the debt collection complaint along with
other exhibits.

29.   The Complaint and Persons Affidavit made the following
allegations:

      a.   that Florence Saunders was provided with a credit card
         account by Webbank (the Webbank account),

      b.   that Florence Saunders had used the Webbank account,

      c.   that Florence Saunders had agreed to make all payments and
         pay all charges assessed to the Webbank account, and

6

      d.    that Florence Saunders had failed to make payment on the account and that there was an outstanding balance due of $659.94.

30.    The debt collection complaint and Persons Affidavit also alleged that the Webbank account was subsequently assigned to Midland Funding.

31.    The exhibits to the debt collection complaint represented that the last four digits of Florence Saunders' social security number were 4338.

32.    The Clerk issued a Summons to Florence Saunders with an address of 280 Sanders Lane, Austin, AR 72007.

33.    On or about January 26, 2017, Midland Funding's process server left the summons and complaint with Amanda Patterson, Florence Sanders' neighbor.

34.    Amanda Patterson gave the complaint and summons to Florence Sanders.

35.    The complaint, the exhibits, and the summons all identified the defendant to the debt collection complaint as having an address of 280 Sanders Lane, Austin, AR 72007.

36.    The exhibits to the debt collection complaint also listed the last four digits of the defendant's social security number as 4338.

37.    After reviewing the complaint, the exhibits, and the summons Florence Sanders realized she had been sued on a defaulted credit card account she had never applied for or used.

38.   Melissa Sanders, Florence Sanders' former daughter-in-law, had admitted to Florence Sanders that she had applied for an account online in Florence Sanders' name.

39.   It is not unusual for an identity thief to use a variation of a consumer's name such as changing the first or last name (such as applying for credit using Florence Sanders' personally identifiable information, but changing the last name to Saunders), while using the consumer's other personally identifiable information.

40.   Florence Sanders was emotionally distressed and worried that a judgment would be entered against her for a defaulted account she had never applied for or used, because the address and last four digits of the social security number listed in the debt collection complaint, exhibits, and summons were her personally identifiable information.

41.   Florence Sanders provided Midland Funding an Identity Theft Affidavit, with signature exemplars, her social security card and driver's license, and an Incident Report to the Lonoke County Sheriff's Office regarding Melissa Sanders' use of Florence Sanders' identity.

42.   After receiving the Identity Theft Affidavit and other materials, Defendants agreed that they had sued Florence Sanders on a debt that she was not obligated to pay and dismissed the debt collection lawsuit with prejudice.

43.   Prior to Defendants filing and serving the *Midland Funding v. Florence Saunders* debt collection lawsuit to Florence Sanders, Midland

Funding had another account assigned to it for a defaulted credit card account from Credit One Bank, N.A. (the Credit One account) that Midland Credit Management attempted to collect from Florence Sanders.

44.    The Credit One account was for credit card account that Florence Sanders had actually applied for and defaulted on with Credit One Bank, N.A.

45.    The information from the Credit One account Defendants had previously attempted to collect from Florence Sanders showed that Florence Sanders lived at 280 Sanders Lane, Austin, AR 72007 and that the last four digits of Florence Sanders' social security number were 4338.

46.    Defendants knew that Florence Sanders, not any person Florence Saunders, lived at 280 Sanders Lane, Austin, AR 72007, but filed the *Midland Funding v. Florence Saunders* debt-collection lawsuit to collect on the Webbank account from Florence Sanders.

47.    Defendants knew that Florence Sanders, not any person named Florence Saunders, had 4338 as the last four digits of her social security number, but filed the *Midland Funding v. Florence Saunders* debt-collection lawsuit to collect on the Webbank account from Florence Sanders.

48.    Defendants' attempts to collect on the defaulted Webbank account from Florence Sanders were false and deceptive attempts to collect a debt in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), and the AFDCPA, including but not limited to Ark. Code Ann. §§

9

17-24-505(a), 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1).

49.    All of the communications as alleged herein by these Defendants and the employees and agents of Midland Funding and Midland Credit Management, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

### *Summary*

50.    Defendants' false representation that Florence Sanders legally owed the debt on the Webbank account, when in fact it she did not, was an unfair and deceptive attempt to collect this debt, which materially mislead Florence Sanders as to her rights under the FDCPA and the AFDCPA, and which affected and frustrated Florence Sanders' ability to intelligently respond to Defendants' collection efforts.

51.    All of the communications as alleged herein by these Defendants and the employees and agents of Midland Funding and Midland Credit Management, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

10

### *Respondeat Superior Liability*

52.    The acts and omissions of Emily Persons, other individuals, and other debt collectors employed as agents by Midland Funding and Midland Credit Management, respectively, who communicated with Florence Sanders and others as more further described herein, were committed with the time and space limits of their agency relationship with their principals, Midland Funding and Midland Credit Management, respectively.

53.    The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Midland Funding and Midland Credit Management, respectively, in collecting consumer debts.

54.    By committing these acts and omissions against Florence Sanders, these individuals and these other debt collectors were motivated to benefit their principals, Midland Funding and Midland Credit Management, respectively.

55.    Defendants Midland Funding and Midland Credit Management, are therefore liable to Florence Sanders.

### Standing

56.    Florence Sanders has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein,

11

and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.

57.    Florence Sanders' injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

58.    Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumer's rights to seek redress for violations of those rights, including the right to be left alone from debt collection efforts for debts that the consumer does not owe.[1]

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. 1692, et seq.*

59.    Florence Sanders incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.    The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Florence Sanders.

61.    As a result of Defendants' violations of the FDCPA, Florence Sanders is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 from each defendant under

---

[1] *See Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691-692 (8th Cir. 2017).

15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

62.   Florence Sanders' incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.   The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the AFDCPA, Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1), with respect to Florence Sanders.

64.   As a result of Defendants' violations of the AFDCPA, Florence Sanders is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 from each defendant under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

### Jury Demand

65.   Florence Sanders demands a trial by jury.[2]

---

[2] U.S. Const. amend. 7. and Fed. R. Civ. P. 38.

**Prayer for Relief**

66.    Plaintiff Florence Sanders prays a judgment be entered against
Defendants as follows:

a.    for an award of actual damages under 15 U.S.C. §
1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against
Defendants and for Plaintiff;

b.    for an award of statutory damages of $1,000.00 under to 15
U.S.C. § 1692k(a)(2)(A), against each defendant and for
Plaintiff;

c.    for an award of statutory damages of $1,000.00 under Ark.
Code Ann. § 17-24-512(a)(2)(A), against each defendant and
for Plaintiff;

d.    for an award of costs of litigation and a reasonable attorneys'
fees under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-
24-512(a)(3)(A) against Defendants and for Plaintiff; and

e.    for such other and further relief as may be just and proper.

Respectfully submitted,

By:  _____
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar. No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com

14

wcrowder@crowdermcgaha.com

# Verification

State of Arkansas          )
County of Pulaski          )

Under 28 U.S.C. § 1746, Plaintiff Florence Louise Sanders, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.   I am the Plaintiff in this civil action.
2.   I have read the foregoing Complaint prepared by my attorneys.
3.   I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4.   I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5.   I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6.   I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 24ᵗʰ day of October, 2017.

*Florence Sanders*
Florence Louise Sanders